WO

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lawrence Hobbs individually; Lawrence and Glora Hobbs, husband and wife; Tyler Hobbs, Jennifer Portillo, and Christine Hobbs, children,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>Pacificorp, an Oregon corporation; Pacificorp, L.L.C., a Delaware corporation; S.D. Myers, Inc., a foreign corporation,<br><br>　　　　　Defendants. | No. CV-05-1906-PHX-SRB<br><br>**ORDER** |

At issue is Plaintiffs' motion for remand pursuant to 28 U.S.C. §1447(c). (Doc. 8). For the reasons that follow, the motion is denied.

**I.     BACKGROUND**

Plaintiffs Lawrence Hobbs, Gloria Hobbs, Tyler Hobbs, Jennifer Portillo, and Christine Hobbs filed this tort action in Superior Court of the State of Arizona on May 5, 2005. Plaintiffs allege Defendants' negligence and misconduct resulted in a transformer fire and explosion on May 8, 2003, that caused Plaintiff Lawrence Hobbs to suffer second and third degree burns. The original Complaint named S.D. Myers, Inc. ("S.D. Myers") and PacifiCorp L.L.C. as Defendants.

1 S.D. Myers was served with the original Complaint on May 13, 2005, and service was at least attempted on PacifiCorp, L.L.C. on May 16, 2005, though there is no evidence that this was actually accomplished. On May 24, 2005, the Complaint was amended, adding PacifiCorp as a defendant.[1] The Amended Complaint was served on Pacificorp on May 24, 2005, and on S.D. Myers on May 25, 2005.

On June 23, 2005, PacifiCorp and PacificCorp LLC filed a notice of removal with this Court pursuant to 28 U.S.C. § 1332 on the basis of diversity of citizenship, and S.D. Myers consented to the removal on the same day. Plaintiffs now move to remand the case, arguing that the notice of removal was untimely. Additionally, Plaintiffs seek attorney's fees and costs pursuant to 28 U.S.C. § 1447(c).

**II.    LEGAL STANDARDS AND ANALYSIS**

Because S.D. Myers did not attempt to remove this action within thirty days of being served with the original Complaint, Plaintiffs argue that the notice of removal was untimely. Defendants argue that each defendant has thirty days from the date of service in which to file a notice of removal and obtain joinder from all other defendants.

The procedure for removing state actions to federal court is governed by 28 U.S.C. § 1446. The removal statute states that "notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. . . ." 28 U.S.C. § 1446(b).

The removal statute does not specifically address whether, in cases involving multiple defendants, each defendant has thirty days in which to remove the case, known as the "later-served" defendant rule, or whether removal must occur within thirty days of when the first defendant was served, known as the "first-served" defendant rule. *Ratliff v. Workman,* 274 F. Supp. 2d 783, 784 (S.D. W. Va. 2003)*; Smith v. Mail Boxes, Etc. USA, Inc.*, 191 F. Supp.

---

[1]PacifiCorp and PacifiCorp, L.L.C. have both filed affidavits stating that PacifiCorp, L.L.C. is in no way affiliated or associated with PacifiCorp and was not a party to the alleged tortious acts. (Monson Aff. ¶ 4,6; O'Connor Aff. ¶ 3-5).

2d 1155, 1158 (E.D. Cal. 2002); *United Traffic Consultants, Inc. v. Premium Logistics, Inc.*, 2001 WL 34039477, at *3 (D. Or. Nov. 16, 2001); *Biggs Corp. v. Wilson*, 97 F. Supp. 2d 1040, 1043 (D. Nev. 2000). Neither the Supreme Court of the United States nor the Ninth Circuit have ever addressed this issue. Within the Ninth Circuit, the District Courts are split regarding whether to apply the first-served defendant rule or the last-served defendant rule. *See e.g.*, *United Traffic Consultants, Inc.*, 2001 WL 34039477 at *3; *Biggs Corp.*, F. Supp. 2d at 1043; *Griffith v. Am. Home Prods.*, 85 F. Supp. 2d 995, 999 (E.D. Wash. 2000); *Ford v. New United Motors Mfg.*, 857 F. Supp. 707, 708-10 (N.D. Cal. 1994); *Samura v. Kaiser*, 715 F. Supp. 970, 971 (N.D. Cal. 1989). This is the first time this issue has been considered in the District of Arizona.[2]

### A.   **First-Served Defendant Rule**

The first-served defendant rule, which has been followed by the Fifth Circuit and a large number of district courts, states that the thirty day removal deadline begins to run for all defendants as soon as any defendant is served with process. *See, e.g.*, *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262-63 (5th Cir. 1988); *Brown v. Demco, Inc.*, 792 F.2d 478, 482 (5th Cir. 1986); *Smith*, 191 F. Supp. 2d at 1158; *Biggs*, 97 F. Supp. 2d at 1044; *Griffith*, 85 F. Supp. 2d at 999. If the first-served defendant fails to remove the case within the thirty day period, the right to removal will have been waived and the defendant will be foreclosed from joining any future removal attempts. *See, e.g.*, *Getty*, 841 F.2d at 1263; *Brown*, 792 F.2d at 482; *Biggs*, 97 F. Supp. 2d at 1044; *Faulk v. Superior Industry*, 851 F.

---

[2]Plaintiffs incorrectly argue that the first-served defendant rule was applied in *Schwartz v. FHP International Corporation*. 947 F. Supp. 1354 (D. Ariz. 1996). In *Schwartz*, the District Court held that the first-served defendant, who had timely filed a notice of removal, was required to obtain the consent of another defendant who, though not yet having been served with process, had filed an answer to the complaint. *Schwartz*, 947 F. Supp. at 1363. Thus, the case was decided on the unanimity requirement, not the first-served defendant rule. Even if *Schwartz* was decided under the first-served defendant rule, that case does not constitute binding authority on this Court.

Supp. 457, 458 (M.D. Fla. 1994). Thus, because of the unanimity requirement,[3] removal is prohibited for all defendants when the first-served defendant rule is applied.

In *Brown v. Demco,* 792 F.2d 478, 480 (5th Cir. 1986), the Fifth Circuit adopted the first-served defendant rule. In that case, the last-served defendant filed a notice of removal with the consent of the other defendants and within thirty days of being served, but more than four years from the start of the litigation. *Id.* The court reasoned that the first-served defendant rule "follows logically from the unanimity requirement," and comports with "the trend to limit removal jurisdiction and with the axiom that removal statutes are to be strictly construed against removal." *Id.* at 481. As to the criticism that the first-served defendant rule is unfair to later-served defendants, the court stated,

> [W]e do not perceive the suggested unfairness to the subsequently added defendant who is merely not granted an opportunity that might have been available to others. A defendant who is added to a case in which a co-defendant has failed to seek removal is in no worse position than it would have been in if the co-defendant had opposed removal or were domiciled in the same state as the plaintiff. To permit the defendants in this case to obtain removal after they have tested state-court waters for four years would give them a second opportunity to forum-shop and further delay the progress of the suit. The unfairness of this to the plaintiff outweighs the unfairness, if any, to the last-joined defendant. The forum for a suit ought to be settled at some time early in the litigation.

---

[3] The unanimity requirement states that for removal to be valid, all defendants, except nominal or formal parties, must consent to and join in the petition for removal. 28 U.S.C. § 1446(c); *Brown*, 792 F.2d at 481; *Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressmen and Assistants' Local 349*, 427 F.2d 325, 326-27 (5th Cir. 1970); *Biggs*, 97 F. Supp. 2d at 1044 n.3.

- 4 -

1  *Id.* The Fifth Circuit reaffirmed its holding in *Getty Oil Corporation v. Insurance Company
2  of North America,* noting that the first-served defendant rule "promotes unanimity among the
3  defendants without placing undue hardships on subsequently served defendants." 841 F.2d
4  at 1263.

        **B.**    **Later-Served Defendant Rule**

The later-served defendant rule, which has been adopted by the Sixth and the Eight Circuits and many district courts, states that each defendant has thirty days from the time of service to convince all earlier-served defendants to join a petition for removal. *Marano Enters. of Kan. v. Z-Teca Rests., L.P.,* 254 F.3d 753, 755-57 (8th Cir. 2001); *Brierly v. Alusuisse Flexible Packaging Inc.*, 184 F.3d 527, 533 (6th Cir. 1999).

One rationale for this rule is that it is more faithful to the language of the removal statute. In *Brierly v. Alusuisse Flexible Packaging Inc.*, the Sixth Circuit stated that, "as a matter of statutory construction, holding that the time for removal commences for all purposes upon service of the first defendant would require us to insert "first" before "defendant" into the language of the statute. . . If Congress had intended the 30-day removal period to commence upon service of the first defendant, it could have easily so provided." 184 F.3d at 533.

The later-served defendant rule has also been defended on the basis of fairness. In *McKinney v. Board of Trustees of Maryland Community College,* the Fourth Circuit reasoned that "the removal procedure is intended to be fair to both plaintiffs and defendants alike." 955 F.2d 924, 927 (4th Cir. 1992) (punctuation and quotations omitted). By adopting the first-served defendant rule,

> [T]he rights of defendants could rather easily be overcome by tactical maneuvering by plaintiffs. Suppose, for example, plaintiff serves defendant A, thus starting the thirty-day period running, and then maneuvers to serve defendant B late on the thirtieth day. Obviously B is unlikely to rush to the courthouse door before it closes to file his joinder of A's removal petition; he is unlikely to even realize what is

|   |   |
|---|---|
| 1 | happening to him before it is too late. (There is nothing on the |
| 2 | summons form such a defendant would receive-which of course would |
| 3 | be a summons to state, not federal, court-that would tell him the rules |
| 4 | for removal to federal court, or warn him that he might have much less |
| 5 | than thirty days to join in a removal petition). This cannot be what |
| 6 | Congress had in mind. Congress created the removal process to protect |
| 7 | defendants. It did not extend such protection with one hand, and with |
| 8 | the other give plaintiffs a bag of tricks to overcome it. |

*Id.* at 928.

### C. The Present Case

The Court believes that the language of the removal statute, Congress' intent in enacting the statute, as well as considerations of fairness are better served by the later-served defendant rule. While it is true that the removal statute should be "strictly construed against removal," *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108-09, 61 S. Ct. 868, 872 (1914), the statute should not be accorded an interpretation that contradicts its plain language. The Court finds itself in agreement with the Sixth Circuit that to adopt the first-served defendant rule is to insert the word "first" before "defendant" in the removal statute. *Brierly,* 184 F.3d at 533. Had Congress wished the statute to be triggered by service upon the first defendant, it could have explicitly said so.

Further, as stated by the court in *McKinney,* it is illogical to think that Congress would grant defendants the power to remove a case to federal court and at the same time allow plaintiffs to subvert that power. Congress' concern about fairness towards defendants is also evident in 28 U.S.C. § 1448, which ensures that defendants served after removal have an opportunity to seek remand.

Finally, the Court does not believe that the later-served defendant rule undercuts the well-founded need to settle the appropriate forum as early in the case as possible. A plaintiff that wishes to cement its forum choice early in the case should simply serve all named

1 defendants early in the case, thereby preventing the problem of removal by a later-served
2 defendant.
3     In the present case, PacifiCorp filed a timely petition for removal within thirty days
4 of first being served. To prevent S.D. Myers from joining the removal petition would
5 eliminate PacificCorp's opportunity to remove the action and vitiate the intent of the removal
6 statute. PacificCorp's petition for removal was valid under the later-served defendant rule.
7 Therefore, Plaintiffs' motion for remand is denied. Attorneys' fees and costs will not be
8 awarded.
9     **IT IS ORDERED** denying the Plaintiffs' motion for remand. (Doc. 8).

11     DATED this 17th day of January, 2006.

_____
Susan R. Bolton
United States District Judge